Holly J. **EISBERNER,** Plaintiff,

v.

**DISCOVER PRODUCTS, INC.,**
et al., Defendants.

Case No. 12–C–0699.

United States District Court,
E.D. Wisconsin.

Feb. 8, 2013.

---

Thomas J. Lyons, Sr., Lyons Law Firm, PA, Vadnais Heights, MN, for Plaintiff.

Thomas A. Janczewski, Michael L. Quirk, O'Neill, Schimmel, Quirk & Carroll, SC, William H. Harbeck, Susan M. Sager, Milwaukee, Valerie L. Bailey–Rihn, Madison, WI, David J. Kaminski, Los Angeles, CA, for Defendants.

### *DECISION AND ORDER*

LYNN ADELMAN, District Judge.

Holly J. Eisberner filed a complaint against three of her creditors—Discover Products, Inc., World Financial Bank, Inc., and GE Capital Retail Bank—under the Fair Credit Reporting Act ("FCRA"). When the defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, Eisberner filed an amended complaint. Before me now are the defendants' motions to dismiss the amended complaint for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

According to the allegations of the amended complaint, Eisberner ran into financial trouble in early 2011 and decided to file a petition under Chapter 128 of the Wisconsin Statutes. Under Chapter 128, a debtor who is earning wages or salary but who cannot pay her bills on time may amortize those debts over a period of up to three years. *See* Wis. Stat. § 128.21. After the debtor files a petition under Chapter 128, the court appoints a trustee to administer a repayment plan. The trustee will add up all of the debts that are subject to the petition, add a percentage for his or her own fees, and then divide the total into either weekly or monthly amounts such that all debts are repaid in full within three years. The debtor makes payments to the trustee, and then the trustee forwards payments to the creditors. While the plan is pending, the creditors are prohibited from using execution, attachment, or garnishment to collect the debts. However, unlike in a federal bankruptcy, the creditors are not prohibited from commencing or continuing any other collection activity against the debtor. In the present case, the state court approved Eisberner's Chapter 128 plan in July 2011, and she began making payments to the trustee at that time. Eisberner's debts to the defendants were included in the plan.

In December 2011, Eisberner reviewed the credit reports maintained on her by the three national credit-reporting agencies. In her view, the reports did not accurately reflect the status of the debts that were subject to the Chapter 128 plan, including the debts owed to the defendants. She thus sent dispute letters to the three credit-reporting agencies. Under the Fair Credit Reporting Act, the agencies were required to investigate the dispute. *See* 15 U.S.C. § 1681i. As part of this investigation, the agencies sent notice of the dispute to the defendants—who are "furnishers" of information within the meaning of the FCRA. *See* 15 U.S.C. § 1681i(a)(2). Once the defendants received this notice, they were required to conduct a reasonable investigation with respect to the disputed information to determine whether the information was "incomplete or inaccurate" and to report the results of the investigation to the consumer-reporting agencies. *See* 15 U.S.C. § 1681s–2(b); *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir.2005).

At the conclusion of their investigations, the credit-reporting agencies provided Eisberner with copies of the reports they had received from the defendants. The reports indicated that each of the defendants had described the status of her debts as "charged off."[1] The defendants also updated the "balance" of each account to reflect the payments she had made pursuant to her Chapter 128 plan. However, the defendants did not indicate that the payments were received pursuant to a Chapter 128 plan or otherwise indicate that Eisberner was making "regular" (as opposed to sporadic) payments towards the balance of each past-due account.

Eisberner contends that the defendants' descriptions of the status of her debts were incomplete or inaccurate. She alleges that her accounts should not have been described as "charged off" and that the defendants should have indicated that she was making regular payments towards the balance of each account. *See* Am. Compl. ¶¶ 32, 37, 48, 53, 58, 68, 73, 78.

The question presented by the defendants' motions to dismiss is whether the allegations of the amended complaint state plausible claims. *See Ashcroft v. Iqbal,* 556 U.S. 662, 670, 129 S.Ct. 1937, 173

---

1. Some of the defendants also described her debts as "written off." However, in the credit-reporting industry, "charged off" and "written off" appear to be synonyms.

948

L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554–556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). More precisely, the question presented is whether the factual allegations of the complaint give rise to a plausible inference that describing plaintiff's accounts as "charged off" and failing to indicate that Eisberner was making "regular" payments towards the balance of each account violated the FCRA.

■ I start with Eisberner's contention that describing her accounts as "charged off" was inaccurate. Eisberner does not allege what "charged off" means or allege why it was inaccurate to describe her accounts as such. She merely alleges in conclusory fashion that the defendants should not have described her accounts that way. However, the meaning of "charged off" is not obvious, and thus the allegations of the complaint provide no factual support for the bare legal conclusion that describing the accounts as "charged off" was inaccurate. *See Iqbal,* 556 U.S. at 678–79, 129 S.Ct. 1937 (in assessing whether a complaint alleges a plausible claim, the court must disregard legal conclusions couched as factual allegations); *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (same). Of course, it is possible that, after discovery, Eisberner will be able to point to facts revealing that it was inaccurate to describe her accounts as charged off. However, before the defendants may be put to the expense of discovery, the complaint must contain allegations that establish more than a "sheer possibility" that the defendants have acted unlawfully. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. As the Seventh Circuit has explained, "the fact that the allegations undergirding a plaintiff's

claim could be true is no longer enough to save it"; instead, "the complaint taken as a whole must establish a nonnegligible probability that the claim is valid." *Atkins v. City of Chicago,* 631 F.3d 823, 831–32 (7th Cir.2011). Here, the complaint does not establish a nonnegligible probability that it was inaccurate to describe Eisberner's accounts as "charged off." Indeed, the complaint offers no factual support for that assertion whatsoever.

■ Eisberner's next claim is that the defendants' descriptions were "incomplete" because those descriptions did not indicate that Eisberner was making regular payments towards the balance of each account. However, the complaint does not contain any factual allegations supporting the legal conclusion that not mentioning the receipt of regular payments rendered the descriptions "incomplete" within the meaning of the FCRA. The complaint does not, for example, allege that potential lenders would have found Eisberner significantly more creditworthy if they had known that she was making regular payments towards her admittedly past-due debts.[2] Moreover, the FCRA is not a strict liability statute, *Sarver v. Experian Info. Solutions,* 390 F.3d 969, 971 (7th Cir.2004), and before the defendants could be liable for failing to correct incomplete or inaccurate information in their reports, Eisberner would need to show that their failure to do so was negligent or willful, *see* 15 U.S.C. §§ 1681n & 1681o. Thus, to survive a motion to dismiss, Eisberner must plead facts giving rise to a plausible inference that the defendants either knew or should have known that failing to mention that she was making regular pay-

2. In her briefs in opposition to the defendants' motions to dismiss, Eisberner asserts that the fact that she was making regular payments towards her debts is relevant to her creditworthiness. However, this assertion does not appear in the complaint, and factual material appearing in a brief in opposition to a motion to dismiss cannot be read into the complaint. *See Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984).

ments towards the balance of her accounts would give potential lenders an incomplete picture of her creditworthiness. But the amended complaint includes no facts supporting a claim of negligence or willfulness, and it is not self-evident that there is a nonnegligible probability that Eisberner will be able to prove that the defendants either knew or should have known that they were providing an incomplete picture of Eisberner's creditworthiness. Eisberner's legal theory is novel, and the complaint includes no factual allegations indicating that a reasonable furnisher of information either would or should have known that failing to indicate the receipt of regular payments would have a significant impact on a potential lender's assessment of her creditworthiness. Again, it is possible that after Eisberner conducts discovery she will be able to prove negligence or willfulness, but to overcome a motion to dismiss the complaint must establish more than a sheer possibility of a claim's having merit.

■ Eisberner also alleges that each defendant "failed to conduct a reasonable investigation." Am. Compl. ¶¶ 33, 38, 49, 54, 59, 69, 74, 79. However, the complaint contains no factual allegations about the defendants' investigation procedures, and thus the allegation that the defendants failed to conduct reasonable investigations is another bare legal conclusion. In the briefs and at oral argument, Eisberner's counsel suggested that the defendants' own internal reporting procedures might have required them to characterize Eisberner's debts differently than they did, and that therefore it is possible that the defendants were negligent in failing to follow their own procedures. However, the amended complaint does not allege that the defendants failed to follow their own reporting procedures, and factual allegations made in the briefs and at oral argument cannot be read into the complaint. *See Car Carriers, Inc.*, 745 F.2d at 1107.

Thus, as it stands, the amended complaint contains insufficient factual material to state plausible claims for failure to conduct a reasonable investigation.

Accordingly, the amended complaint will be dismissed. However, given the factual assertions that Eisberner has made in her briefs and at oral argument, it is possible that she could amend her complaint to include enough factual allegations to state plausible claims for relief. Thus, I will grant her leave to file a second amended complaint. Eisberner should not interpret my granting her leave to amend as an advance ruling that the complaint would be adequate if it included the factual assertions she has made in her briefs and at oral argument. At this point, I express no view on whether those assertions give rise to plausible claims.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the defendants' motions to dismiss the amended complaint (ECF Nos. 31, 33 & 36) are **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff may file a second amended complaint within thirty days of the date of this order.